United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIPE RAMIREZ, <br> (TDCJ-CID #1877430) | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-16-0046 |
| DR. BETTY J. WILLIAMS, *et al.*, | § § § | |
| Defendants. | § § § | |

### MEMORANDUM AND OPINION

Felipe Ramirez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), sued in January 2016, alleging a denial of adequate medical care. Ramirez is representing himself and has not prepaid filing fees. He sued three medical providers at TDC's Ellis Unit: Dr. Betty J. Williams, medical director; Toni Deer, physician's assistant; and Brooke Davis, practice manager. The court concludes that his pleadings defeat the claims and require the dismissal of this case, for the reasons stated below.

**I.     The Pleading Allegations About Medical Care**

Ramirez alleges that he suffers from the results of two earlier injuries: a back spasm in 2012 and a 2014 fall in which he hurt his left knee and lower back. Ramirez alleges that after the fall, physicians at the University of Texas Medical Branch Hospital at Galveston diagnosed sclerosis, marginal osteophytosis, and mild degenerative changes that affect the thoracolumbar junction. He alleges that an x-ray of his lower back in October resulted in a prescription for Nortriptyline for pain.

On May 7, 2015, Ramirez was referred to a physical therapist and had a follow-up appointment on June 18, 2015. In January 2015, he was prescribed Tegretol for pain. On

September 14, 2015, Physician's Assistant Deer removed Ramirez's medical restrictions, which prohibited him from lifting over 20 pounds, bending at the waist, climbing, working, or repetitive squatting, and which limited the time he could sit or stand.

On September 28, 2015, Ramirez had an appointment to see Dr. Williams about his chronic lower back pain. He alleges that she refused his request to refer him to an orthopedic specialist or for an MRI. Ramirez alleges that Dr. Williams told him there was nothing wrong with his back and that he was simply trying to avoid work.

On October 31, 2015, Ramirez filed a complaint with Practice Manager Brooke Davis, explaining that he had sclerosis and osteoporosis. Ramirez alleges that Practice Manager Davis failed to investigate his complaints against Dr. Williams and against Physician's Assistant Deer.

Ramirez alleges that the denial of the MRI or the referral to the specialist violated his constitutional right to adequate medical care. He alleges that he is in constant pain when walking and when he sits for long periods. He seeks $300,000.00 in compensatory damages, an order requiring him to be seen by an orthopedic specialist, and payment of court costs.

## II. Analysis

A federal court may dismiss a lawsuit in which the plaintiff is proceeding without prepaying fees if the court determines that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). A prison official is not liable for denying medical treatment "unless the official knows of and disregards an excessive risk to inmate health if or safety." *Stewart,* 174 F.3d at 534 (citing *Estelle,* 429 U.S. at 104). Deliberate indifference is a high standard. Matters of medical judgment, including an incorrect diagnosis, a refusal to provide additional treatment, or a failure to perceive a significant risk, is not enough. *Farmer,* 511 U.S. at 838; *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). Even negligent treatment is not enough. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). Instead, the plaintiff must allege facts showing that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238; *McCormick v. Stalder,* 105 F.3d at 1061) (citing *Estelle,* 429 U.S. at 105-106).

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care serious enough to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan,* 511

3

U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer*, 511 U.S. at 842 & n.8).

Ramirez alleged that medical personnel failed to refer him to an orthopedic specialist, failed to perform an MRI, and failed to prescribe effective pain medications. His allegations do not show a deliberate indifference to his medical needs. Instead, he alleges, and the record shows, that while he was at the Ellis Unit, he received a number of medical examinations and medications that rebut his constitutional claim. *Mendoza v. Lynaugh*, 989 F.2d at 193-95. Ramirez has not alleged facts supporting an inference that Dr. Williams or Physician's Assistant Deer knew of and were deliberately indifferent to a substantial risk to Ramirez's health. At most, the allegations and record show that Ramirez disagreed with the medical judgments made. But the law is clear that "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana*, 122 F.3d 286, 292 (5th Cir. 1997). Ramirez's medical care claim lacks merit and is dismissed.

Ramirez also alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 1). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.*, slip op.

no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.*, slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Ramirez's satisfaction did not violate his constitutional rights, as a matter of law. His due process claim based on an inadequate grievance procedure is dismissed.

### III. Conclusion

The action filed by Felipe Ramirez (TDCJ-CID Inmate #1877430) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Ramirez's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED on August 11, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge